**Oral Argument Not Yet Scheduled**
**No. 25-5243**

_____

# In the United States Court of Appeals for the District of Columbia
_____

Refugee and Immigrant Center for Education and Legal Services, *et al.*,

*Plaintiffs-Appellees*,

v.

Kristi Noem, Secretary of the U.S. Department of Homeland Security, in her official capacity, *et al.*,

*Defendants-Appellants*.

_____

On Appeal from the United States District Court for the District of Columbia
Case No. 1:25-cv-00306 (Moss, J.)

_____

**MOTION OF IMMIGRATION REFORM LAW INSTITUTE TO FILE A BRIEF AS *AMICUS CURIAE* IN SUPPORT OF APPELLANTS' EMERGENCY MOTION FOR STAY**

CHRISTOPHER J. HAJEC
*Counsel of Record*
MATT A. CRAPO
*On the Brief*
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Ste 335
Washington, DC 20001
(202) 232-5590
chajec@irli.org

Counsel for *Amicus Curiae*
Immigration Reform Law Institute

## DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and Circuit Rule 26.1, *amicus curiae* Immigration Reform Law Institute makes the following disclosures:

1) For non-governmental corporate parties please list all parent corporations: None.

2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock: None.

3) The following entity has an interest in the outcome of this case: Immigration Reform Law Institute.

Movant Immigration Reform Law Institute ("IRLI") respectfully seeks this Court's leave to file the accompanying *amicus curiae* brief in support of Defendants-Appellants' motion for stay pending appeal. Counsel for *amicus* IRLI has conferred with counsel for all parties—Defendants consent, and Plaintiffs take no position on this request for leave. In furtherance of this motion, *amicus* IRLI states as follows:

1. IRLI is a nonprofit 501(c)(3) public interest law firm dedicated both to litigating immigration-related cases in the interests of United States citizens and to assisting courts in understanding federal immigration law. IRLI has litigated or filed *amicus curiae* briefs in a wide variety of immigration-related cases. For more than twenty years the Board of Immigration Appeals has solicited supplementary briefing, drafted by IRLI staff, from the Federation for American Immigration Reform, of which IRLI is a supporting organization. For these reasons, IRLI has direct interests in the issues here.

2. The proffered *amicus* brief discusses issues of justiciability not fully addressed by Defendants and supplements their discussion of those issues, including: reviewability of an invasion determination; reviewability of actions taken in response to an invasion; reviewability of presidential discretion under § 1182(f); and reviewability of actions of executive officers acting under presidential authority as opposed to statutory authority.

3. Because these issues are relevant to this Court's decision on Appellants' motion for stay pending appeal, IRLI's brief may aid the Court.

For the foregoing reasons, IRLI respectfully requests that the Court grant its motion for leave to file the accompanying brief as *amicus curiae*.

Dated: July 9, 2025                     Respectfully submitted,

/s/ Christopher J. Hajec
CHRISTOPHER J. HAJEC
D.C. Bar No. 492551
MATT A. CRAPO
D.C. Bar No. 473355
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Ste 335
Washington, DC 20001
(202) 232-5590
chajec@irli.org
mcrapo@irli.org

Counsel for *Amicus Curiae*
Immigration Reform Law Institute

## CERTIFICATE OF COMPLIANCE

The foregoing motion complies with Fed. R. App. P. 27(d)(2)(A) because it contains 256 words, as measured by Microsoft Word software. The motion also complies with the typeface and style requirements of Fed. R. App. P. 32(a)(5) & 32(a)(6) because it has been prepared in a proportionally spaced, Roman-style typeface of 14 points or more.

Dated: July 9, 2025                         Respectfully submitted,

                                            s/ Christopher Hajec

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of July 2025, I electronically filed the foregoing motion—together with its accompanying *amicus* brief—with the Clerk of the Court using the CM/ECF system, which I understand to have caused service of the parties' counsel.

<u>s/ Christopher Hajec</u>