**No. 25-5243**

444444444444444444444444

**In the United States Court of Appeals for the District of Columbia Circuit**

---

REFUGEE AND IMMIGRANT CENTER FOR EDUCATIONAL AND LEGAL SERVICES, *et al.*,
*Appellees*,

v.

KRISTI NOEM, *et al.*,
*Appellants*.

---

**On Appeal from the United States District Court for the District of Columbia**

---

# Brief *Amicus Curiae* of America's Future in Support of Defendants-Appellants and Emergency Stay

---


PATRICK M. MCSWEENEY
3358 John Tree Hill Road
Powhatan, VA 23139

RICK BOYER
INTEGRITY LAW FIRM
P.O. Box 10953
Lynchburg, VA 24506

WILLIAM J. OLSON*
JEREMIAH L. MORGAN
WILLIAM J. OLSON, P.C.
370 Maple Avenue W., Suite 4
Vienna, VA 22180-5615
(703) 356-5070
wjo@mindspring.com
Counsel for *Amicus Curiae*


July 9, 2025


*Attorney of Record


444444444444444444444444

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

### Parties and *Amicus*

Except for the following, all parties, intervenors, and *amici curiae* appearing before the district court below and this Court are listed in the briefs for the parties: *amicus curiae* America's Future.

### Ruling under Review

References to the ruling at issue appear in the Appellants' Emergency Motion for A Stay Pending Appeal.

### Related Cases

Counsel adopt and incorporate by reference parties' statements with respect to related cases.

**CORPORATE DISCLOSURE STATEMENT**

*Amicus curiae* America's Future, through its undersigned counsel, submits this Corporate Disclosure Statement pursuant to Rules 26.1(b) and 29(c) of the Federal Rules of Appellate Procedure, and Rule 26.1 of the Rules of the United States Court of Appeals for the District of Columbia Circuit.

*Amicus curiae* is a non-stock, not-for-profit corporation, which has no parent company, and no person or entity owns it or any part of it.

*Amicus curiae* is represented herein by William J. Olson, counsel of record, and Jeremiah L. Morgan, of William J. Olson, P.C., 370 Maple Avenue West, Suite 4, Vienna, VA 22180-5615; Patrick M. McSweeney, 3358 John Tree Hill Road, Powhatan, VA 23139; and Rick Boyer of Integrity Law Firm, P.O. Box 10953, Lynchburg, VA 24506.

*/s/ William J. Olson*
William J. Olson

## TABLE OF CONTENTS

Page

Certificate as to Parties, Rulings, and Related Cases. . . . . . . . . . . . . . . . . . . . . . . . i

Corporate Disclosure Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Glossary of Abbreviations.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Interest of *Amicus Curiae*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT

I. THE DISTRICT COURT LACKED AUTHORITY TO ENJOIN PRESIDENT TRUMP'S PROCLAMATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II. PROTECTING THE AMERICAN PEOPLE AGAINST INVASION. . . . . . . . . . . . . . . . 5

III. THE DISTRICT COURT'S CLASS CERTIFICATION WAS NOT AUTHORIZED BY RULE 23. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

A. The Class Certified Below Fails to Meet All Four Required Elements of Rule 23(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

B. The Class Certified Below Fits None of the Three Types of Permissible Class Actions under Rule 23(b). . . . . . . . . . . . . . . . . . . . 9

C. The District Court's Class Certification Allowed It to Circumvent *Trump v. CASA*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

Page

**CONSTITUTION**

Article II.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Article IV. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

**STATUTES**

8 U.S.C. § 1182. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
8 U.S.C. § 1185. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Administrative Procedure Act.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Immigration and Nationality Act. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

**CASES**

*Bowles v. Sabree*, 121 F.4th 539 (6th Cir. 2024). . . . . . . . . . . . . . . . . . . . . . . . . . 12
*East Tex. Motor Freight Sys. v. Rodriguez*, 431 U.S. 395 (1977). . . . . . . . . . . . . . 8
*Gomez v. Trump*, 490 F. Supp. 3d 276 (D.D.C. 2020). . . . . . . . . . . . . . . . . . . . . . 9
*Hartman v. Duffey*, 19 F.3d 1459 (D.C. Cir. 1994). . . . . . . . . . . . . . . . . . . . . . 7, 8
*Harris v. Med. Transp. Mgmt., Inc.*, 77 F.4th 746 (D.C. Cir. 2023). . . . . . . 7, 9, 10
*Trump v. CASA*, 2025 U.S. LEXIS 2501 (2025).. . . . . . . . . . . . . . . . . . . . . . . 11, 12
*In re Rail Freight Fuel Surcharge Antitrust Litig.*, 292 F. Supp. 3d 14 (D.D.C. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
*In re Rail Freight Fuel Surcharge Antitrust Litig. - Mdl No. 1869*, 725 F.3d 244 (D.C. Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
*In re Rail Freight Fuel Surcharge Antitrust Litig. - MDL No. 1869*, 934 F.3d 619 (D.C. Cir. 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). . . . . . . . . . . . . . . . . . . . . . . 9

**FEDERAL RULES**

Fed. R. Civ. P. Rule 23(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Fed. R. Civ. P. Rule 23(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**MISCELLANEOUS**

A. Arthur, "Most illegal immigrants do not qualify for US asylum," *New York Post* (Aug. 16, 2022). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
"Mexican aliens seek to retake 'stolen' land," *Washington Times* (Apr. 16, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

* Authorities upon which we chiefly rely are marked with asterisks.

"Statistics on unauthorized US immigration and US border crossings by year," *USA Facts* (Aug. 1, 2024). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

* Authorities upon which we chiefly rely are marked with asterisks.

## GLOSSARY OF ABBREVIATIONS

| | |
|---|---|
| APA | Administrative Procedure Act |
| CAT | Convention Against Torture |
| RICELS | Refugee and Immigration Center for Educational and Legal Services |

## INTEREST OF *AMICUS CURIAE*[1]

The interest of the *Amicus Curiae* is set out in the motion for leave.

## STATEMENT OF THE CASE

On January 20, 2025, President Trump issued a Proclamation entitled "Guaranteeing the States Protection Against Invasion." This Proclamation reviewed the necessity of a sovereign nation to control its own borders; the right and duty of the executive branch to defend our national sovereignty; the need to preserve the nation's "uniform Rule of Naturalization" from wanton violation by those allowed to enter the United States illegally; the need to protect public health, the safety of Americans, and the national security; the need to maintain the integrity of the visa system; the impossibility of ensuring that federal laws are complied with to regulate immigration when the prior Administration allowed the system to be overwhelmed by illegal aliens; the risk posed by international cartels and other transnational criminal organizations; the risk of the spread of communicable disease; and the incalculable costs imposed on states by the federal government's abdication of its responsibility to control our borders.

---

[1] No party's counsel authored the brief in whole or in part. No party or party's counsel contributed money that was intended to fund preparing or submitting the brief. No person other than the *amicus curiae*, its members or its counsel contributed money that was intended to fund preparing or submitting this brief.

Individuals and organizations filed suit against President Trump and certain departments and officials. *Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Noem*, 2025 U.S. Dist. LEXIS 126272 at *7, *9 (D.D.C. 2025) ("*RICELS*"). The district court certified what the government correctly calls a "global class" "consisting of all individuals who are or will be subject to the Proclamation and/or its implementation and who are now or will be present in the United States." *Id.* at *154. The district court granted an injunction prohibiting all defendants except the President from enforcing the Proclamation against the class. *Id.* at *185.

## STATEMENT

The district court injunction here must be viewed in the context of what now are **at least 101 district court injunctions** that have been issued to impede efforts by President Trump to change the policies of the past Administration. *See* Appendix. In the past two months, on eight occasions in seven cases, the U.S. Supreme Court has stayed such injunctions.[2] *Amicus* urges this Court to carefully scrutinize the district court's injunction and stay its implementation without delay.

---

[2] *See U.S. v. Shilling* (May 6, 2025); *Noem v. National TPS Alliance* (May 19, 2025); *Trump v. Wilcox* (May 22, 2025); *Noem v. Doe* (May 30, 2025); *Dept. of Homeland Security v. D.V.D.* (June 23, 2025 and July 3, 2025); *Trump v. CASA, Washington, and New Jersey* (June 27, 2025); and *Trump v. AFGE* (July 8, 2025). This *amicus* filed briefs in the U.S. Supreme Court in all seven of these cases in support of the Government's Applications for Stay.

## ARGUMENT

### I. THE DISTRICT COURT LACKED AUTHORITY TO ENJOIN PRESIDENT TRUMP'S PROCLAMATION.

The President's Proclamation, currently enjoined, states:

> **I have determined** that the current state of the southern border reveals that the Federal Government has failed in fulfilling this obligation to the States **and hereby declare that an invasion is ongoing** ... which requires the Federal Government to take measures to fulfill its obligation to the States. [Emphasis added.]

Based on the President's findings, the Proclamation suspended entry into the United States of illegal aliens who had not demonstrated their entitlement to admission under 8 U.S.C. § 1182(a)(1)-(3), and denied to those who violated that ban the right to invoke the Immigration and Nationality Act to stay in the United States while challenging asylum or removal. In issuing his Proclamation, the President invoked his authority under 8 U.S.C. § 1182(f), that provides:

> [w]henever the President finds that the entry of any aliens or of any class of aliens into the United States would be **detrimental to the interests of the United States**, he may **by proclamation**, and for such period as he shall deem necessary, **suspend the entry of all aliens** or any class of aliens as immigrants or nonimmigrants, or impose on the entry of aliens any restrictions he may deem to be appropriate. [Emphasis added.]

Despite this clear and unequivocal vesting of statutory authority to suspend entry of any and all aliens "detrimental to the interests of the United States," the

district court believed the President's Proclamation to be unlawful, as well as the implementation of that ban by the Department of Homeland Security pursuant to 8 U.S.C. § 1185(a)(1).

The claimed violation of the Administrative Procedure Act and assumptions that the Convention Against Torture would be violated are becoming a regular feature of efforts to constrain actions to resist illegal immigration. However, when those claims have reached the Supreme Court recently, they have failed. *See, e.g., Trump v. Wilcox* (APA), *supra*; *DHS v. D.V.D.* (CAT), *supra*.

Plaintiffs' other claims adopted by the district court based on the asylum statute and the withholding of removal statute should meet no better fate. Under the injunction, waves of illegal aliens will continue to be allowed to enter the United States, the invasion occurring under President Biden will go unaddressed, as if Presidential elections do not matter. As a practical matter, if illegal aliens are allowed to enter the country and be rewarded by an entitlement to remain here indefinitely, it would undermine if not negate the ban. In essence, the injunction is predicated on a view of federal law that denies to the nation the ability to repel an invasion, allowing only for the enactment of a law giving power to the President that would be redundant to existing law.

The President's legal authority to issue his Proclamation was well developed in the Government's Emergency Motion, and is not addressed further in this *amicus* brief, which now turns to address the district court's failure to grapple with the President's finding of an invasion, and the certification of the class.

## II. PROTECTING THE AMERICAN PEOPLE AGAINST INVASION.

Probably the central issue on which President Trump was elected by the People to stop the invasion at our southern border. His Proclamation invoked his authority under the Immigration and Nationality Act, his Article IV duty to protect the states against Invasion, and his Article II powers as Commander-in-Chief. Fortunately, the district court's injunction was not issued in the first days of his Administration, or our southern border would have continued to remain open to this very day.

The Proclamation contained a Presidential finding there has been an invasion, and its Section 4 was issued "to effectuate the guarantee of protection against invasion required by Article IV, Section 4...." The district court did not seriously grapple with the President's finding of an invasion for a curious reason: "because the Invasion Clause of Article IV does not provide authority for the challenged actions that is not found elsewhere ... the Court need not make any such determination." *RICELS* at *104 n.10. However, the district court later

denied any relevance of Article IV because he saw "no support whatsoever for the dubious proposition that the Framers understood or used the word 'Invasion' to include illegal immigration." *Id*. at *131 n.14.

A quarter of illegal aliens are from Mexico,[3] and as far back as 2004, Harvard University professor Samuel P. Huntington explained that at least some Mexicans illegally crossing into the United States "can and do" "'assert a historical claim to U.S. territory.'"[4] He explained that "'[d]emographically, socially and culturally, the **reconquista** of the Southwest United States by Mexico is well under way.'" *Id*. (emphasis added).

It cannot be doubted that massive numbers of persons have been illegally crossing into the United States in defiance of our nation's laws:

> Between October 2019 and June 2024, US Customs and Border Protection (CBP) reported just under 11 million border encounters nationwide. That's roughly equivalent to the current population of North Carolina, the ninth most populous state.
>
> Monthly encounters peaked with over 370,000 people in December 2023. [Statistics.]

---

[3] "Statistics on unauthorized US immigration and US border crossings by year," *USA Facts* (Aug. 1, 2024) ("Statistics").

[4] "Mexican aliens seek to retake 'stolen' land," *Washington Times* (Apr. 16, 2006).

Approximately 18.6 million illegal aliens currently reside in the United States.[5]

## III. THE DISTRICT COURT'S CLASS CERTIFICATION WAS NOT AUTHORIZED BY RULE 23.

### A. The Class Certified Below Fails to Meet All Four Required Elements of Rule 23(a).

As the Supreme Court recently noted in *Trump v. CASA, Inc.*, making the required showing for class certification is not an easy task. Rule 23(a) requires that each of four separate elements be demonstrated before a class can be certified. And, as this Court has stated, certification should "only be granted after a rigorous analysis of whether adjudication of the named plaintiffs' claims and those of the class would indeed share common issues of fact or law." *Hartman v. Duffey*, 19 F.3d 1459, 1469 (D.C. Cir. 1994). Of particular significance here, Rule 23(a)(2) requires that there must be "questions of law or fact common to the class" — the "commonality" requirement. *See Harris v. Med. Transp. Mgmt., Inc.*, 77 F.4th 746, 752 (D.C. Cir. 2023). And, Rule 23(a)(3) requires that "the claims or defenses of the named representative parties be typical of all class members" — the "typicality" requirement. *See Harris* at 1752.

---

[5] "How Many Illegal Aliens Are in the United States?," *FAIR* (Mar. 7, 2025).

The Supreme Court has "repeatedly" held that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Tex. Motor Freight Sys. v. Rodriguez,* 431 U.S. 395, 403 (1977) (quoting *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216 (1974)). As this Court has made clear, "the plaintiff bears the obligation to show ... the required commonality between her claims and those of the putative class." *Hartman* at 472 (internal quotation omitted).

Here, the district court acknowledged that "commonality requires a showing that the *members* of the class suffered an injury resulting from the defendant's conduct." *RICELS* at *156-57. But the court's purported class — "all individuals who are or will be subject to the Proclamation and/or its implementation and who are now or will be present in the United States" (*id*. at *154) — lack a common injury, as it includes some aliens who:

- "do not claim or manifest fear of return and thus cannot claim that the Proclamation has caused them to lose any statutory protections";
- "are ineligible for asylum or withholding of removal for other reasons, *see* 8 U.S.C. §§1231(a)(5), (b)(3)(B), 1158(a)(2), (b)(2), and thus cannot claim harm from the Proclamation. At most, the Proclamation could only work to expedite these aliens' repatriation or removal, and they do not suffer the same legal injury asserted by those who are potentially eligible for relief or protection from removal";
- "will not be processed under the Proclamation at all." [Motion for Stay at 16.]

### B. The Class Certified Below Fits None of the Three Types of Permissible Class Actions under Rule 23(b).

The district court's inclusion in its worldwide class of persons against whom the Proclamation will indisputably be lawful causes none of three types of classes set out in Rule 23(b) to apply.

Rule 23(b)(1)(A) certification is only "'appropriate when the class seeks injunctive or declaratory relief to change an alleged ongoing course of conduct that is ... **illegal as to all members** of the class.' *Adair v. England*, 209 F.R.D. 5, 12 (D.D.C. 2002) (citing 5 *Moore's Federal Practice* § 23.41[4] (3d ed. 2000))." *Gomez v. Trump*, 490 F. Supp. 3d 276, 292 (D.D.C. 2020) (emphasis added). Because the Proclamation will indisputably be lawful as to some members of the worldwide class, Rule 23(b)(1)(A) certification is not appropriate.

The Supreme Court has made clear, "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011).

Finally, "a Rule 23(b)(3) class action can be maintained when 'questions of law or fact common to class members **predominate** over any questions affecting

only individual members,' and 'a class action is **superior** to other available methods for fairly and efficiently adjudicating the controversy.'" *Harris* at 753 (emphasis added). Thus, a purported class must "satisfy ... the two additional requirements of Rule 23(b)(3) — predominance and superiority." *In re Rail Freight Fuel Surcharge Antitrust Litig*., 292 F. Supp. 3d 14, 39 (D.D.C. 2017). As this Court has stated, "[m]eeting the predominance requirement demands ... [t]he plaintiffs must also show that they can prove, through common evidence, that **all** class members were in fact injured by the alleged conspiracy.... [W]e do expect the common evidence to show **all** class members suffered *some* injury." *In re Rail Freight Fuel Surcharge Antitrust Litig. - Mdl No. 1869*, 725 F.3d 244, 252 (D.C. Cir. 2013) (bold added). Although a certified class may include potentially uninjured parties, they may only constitute a *de minimis* number of class members. This Court itself has previously "'suggest[ed] that 5% to 6% constitutes the outer limits of a *de minimis* number.'" *In re Rail Freight Fuel Surcharge Antitrust Litig. - MDL No. 1869*, 934 F.3d 619, 625 (D.C. Cir. 2019). The purported "class" here not only "includes aliens who do not claim or manifest fear of return and thus cannot claim that the Proclamation has caused them to lose any statutory protections" (Motion for Stay at 16), but is also much more than a *de minimis* number. Andrew Arthur, a former Immigration and Naturalization Service

Associate General Counsel and immigration judge, notes that "between FY 2008 and late FY 2019 ... more than 45% [of aliens stopped at the border] never applied for asylum" on the basis of fear of persecution in their home countries.[6]

### C. The District Court's Class Certification Allowed It to Circumvent *Trump v. CASA.*

The district court's "worldwide class" certification is an end-run of the Supreme Court's recent decision in *Trump v. CASA, Inc*. Until *Trump v. CASA* put an end to national injunctions, they were used as to "circumvent Rule 23's procedural protections and allow courts to create *de facto* class actions at will." *Id.* at *23 (internal quotation omitted). If the district court's class certification, ignoring those procedural protections, is permitted to stand, district courts will be back in the business of issuing universal injunctions, albeit after one brief intermediate step of certifying an amorphous class.

Justice Alito warned the lower courts against lax application of Rule 23 to continue seeking a "workaround" to the Court's ruling. He concluded: "Lax enforcement of the requirements for third-party standing and class certification would create a potentially significant loophole to today's decision. Federal courts should thus be vigilant against such potential abuses of these tools." *Id.* at *43

[6] A. Arthur, "Most illegal immigrants do not qualify for US asylum," *New York Post* (Aug. 16, 2022).

(Alito, J., concurring). "[A] plaintiff must prove, rather than allege, that he has met the [Rule 23] requirements...." "Ordinarily, courts need more information than the pleadings provide to analyze matters thoroughly." *Bowles v. Sabree*, 121 F.4th 539, 549 (6th Cir. 2024) (citations omitted).

**CONCLUSION**

For the foregoing reasons, this Court should grant a stay pending appeal.

Respectfully submitted,

*/s/ William J. Olson*

PATRICK M. MCSWEENEY
3358 John Tree Hill Road
Powhatan, VA 23139

RICK BOYER
INTEGRITY LAW FIRM
P.O. Box 10953
Lynchburg, VA 24506

WILLIAM J. OLSON*
JEREMIAH L. MORGAN
WILLIAM J. OLSON, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
(703) 356-5070
wjo@mindspring.com
Counsel for *Amici Curiae*

July 9, 2025

*Attorney of Record

# APPENDIX

## FEDERAL COURT INJUNCTIONS AGAINST THE TRUMP ADMINISTRATION

(January 20, 2025 through July 8, 2025)

### BIRTHRIGHT CITIZENSHIP

1. *New Hampshire Indonesian Community Support v. Trump*, No. 1:25-cv-00038 — Judge Joseph N. Laplante (G.W. Bush) of the District of New Hampshire enjoined any enforcement of Trump's birthright citizenship EO within the state. The case was appealed to the First Circuit on April 11, where it is pending.

2. *Washington v. Trump*, No. 2:25-cv-00127 — Judge John C. Coughenour (Reagan) of the Western District of Washington enjoined any enforcement of Trump's birthright citizenship EO nationwide. The case was appealed to the Ninth Circuit and the Supreme Court, which overturned the universal injunctions on June 27, 2025.

3. *New Jersey v. Trump; Doe v. Trump*, No. 1:25-cv-10139 — Judge Leo T. Sorokin (Obama) of the District of Massachusetts enjoined any enforcement of Trump's birthright citizenship EO within the state. The case was appealed to the First Circuit and the Supreme Court, which overturned the universal injunctions on June 27, 2025.

4. *CASA Inc. v. Trump*, No. 8:25-cv-00201 — Judge Deborah L. Boardman (Biden) of the District of Maryland enjoined any enforcement of Trump's birthright citizenship EO nationwide. The case was appealed to the Fourth Circuit and the Supreme Court, which overturned the universal injunctions on June 27, 2025.

**IMMIGRATION**

5. *J.G.G. v. Trump*, No. 1:25-cv-00766 — Judge James E. Boasberg (Obama) of the District of D.C. ordered flights of gang members and terrorists rerouted back to the United States, and then ordered that Trump cannot deport anyone under the Alien Enemies Act ("AEA") without a hearing. This was upheld by D.C. Circuit, then on April 7, on Application for Stay, the Supreme Court vacated the district court's TROs. Judge Boasberg on April 16 threatened the Trump administration with criminal contempt charges, but on April 18 the DC Circuit issued an administrative stay in the appeal from Judge Boasberg's Apr. 16 contempt-related order. Plaintiffs filed an April 24 amended complaint including a habeas petition for a class of individuals and an April 25 motion for a permanent injunction. Judge Boasberg granted class certification and preliminary injunction on June 4. The Administration on June 10 filed for a stay pending appeal at the District Court (denied June 12) and on June 10, the DC Circuit stayed the June 4 order.

6. *Chung v. Trump*, No. 1:25-cv-02412 — Judge Naomi R. Buchwald (Clinton) of the Southern District of New York issued a temporary restraining order on March 24, and a preliminary injunction June 5, preventing Trump from deporting a Columbia University student for pro-Hamas activism.

7. *Phila. Yearly Meeting of The Religious Soc'y of Friends v. U.S. Dep't of Homeland Sec.*, No. 8:2025-cv-00243 — Judge Theodore D. Chuang (Obama) of the District of Maryland on Feb. 24 issued a preliminary injunction blocking ICE raids in houses of worship. The case has been appealed to the Fourth Circuit.

8. *M.K. v. Joyce*, No. 1:25-cv-01935 — Judge Jesse M. Furman (Obama) of the Southern District of New York issued a temporary restraining order forbidding the removal by ICE detention and deportation of Palestinian activist Mahmoud Khalil, a green card holder, and recent graduate of Columbia University, who organized pro-Palestinian demonstrations. This case was transferred on March 19 as *Khalil v. Joyce*, 2:25-cv-01963 — Judge Michael E. Farbiarz (Biden) of the District of New Jersey ordered on that same day that "Petitioner shall not be removed from the United States unless and until the Court issues a contrary Order." Judge Farbiarz granted habeas and a preliminary injunction on June 11, but on June 13 allowed the government to continue detention on another charge.

9. *Parra v. Castro*, No. 1:24-cv-00912 — Judge Kenneth J. Gonzales (Obama) of the District of New Mexico issued a temporary restraining order on February 9 blocking the transfer of three Venezuelans to Gitmo. They were then removed to their home country instead and voluntarily dismissed their case.

10. *Vizguerra-Ramirez v. Choate*, No. 1:25-cv-00881 — Judge Nina Y. Wang (Biden) of the District of Colorado enjoined the ICE deportation of a Mexican citizen.

11. *National TPS Alliance v. Noem*, No. 3:25-cv-01766 — Judge Edward M. Chen (Obama) of the Northern District of California enjoined ending Temporary Protected Status ("TPS") for 350,000 to 600,000 Venezuelans. After the Ninth Circuit on April 18 denied a stay pending appeal, the Supreme Court on May 19 stayed the district court decision.

12. *Pacito v. Trump*, No. 2:25-cv-00255 — Judge Jamal N. Whitehead (Biden) of the Western District of Washington granted a nationwide preliminary injunction on February 28 blocking President Trump's Executive Order indefinitely halting entry through the U.S. Refugee Admissions Program (USRAP). On appeal, the Ninth Circuit on March 25 partially granted the Trump administration's emergency motion to stay, and filed an order clarifying their stay on April 21.

13. *City and County of San Francisco v. Donald J. Trump*, No. 3:25-cv-01350 — Judge William H. Orrick III (Obama) of the Northern District of California granted a preliminary injunction April 24 enjoining President Trump's efforts to have the Department of Justice investigate and prosecute "sanctuary cities" policies and government officials interfering with immigration enforcement. At the plaintiffs' request, on May 9, Judge Orrick issued a "clarifying" of the injunction,

14. *D.V.D. v. U.S. Department of Homeland Security*, No. 1:25-cv-10676 — Judge Brian E. Murphy (Biden) of the District of Massachusetts on March 28 issued a temporary restraining order enjoining the Trump administration over the recent policy of deporting non-citizens with final removal orders to a third country, specifically El Salvador, without first providing an opportunity to contest removal. First Circuit denied stay pending appeal April 7. Judge Murphy granted class certification and issued a preliminary injunction April 18, and further orders on May 20, May 21, and May 23. An Application for Stay at SCOTUS was filed May 27, and a stay of the April 18 injunction was issued on June 23. Following the SCOTUS stay, in response to Plaintiffs' motions, Judge Murphy issued an order that "The Court's May 21, 2025 Order on Remedy ... remains in full force and effect, notwithstanding today's stay of the Preliminary Injunction...." The Trump Administration filed a Motion for An Order clarifying the June 23 SCOTUS order, and requesting immediate administrative stay of Judge Murphy's May 21 order, and SCOTUS did so on July 3, 2025.

15. *Community Legal Services in East Palo Alto v. U.S. Dep't of HHS*, No. 3:25-cv-02847 — Judge Araceli Martinez-Olguin (Biden) of the Northern District of California issued a temporary restraining order on April 1 blocking Defendants from terminating funding for Department of Health and Human Services' (HHS) Office of Refugee Resettlement (ORR) funding for legal representation services for unaccompanied immigrant children through April 16, then on April 10 extended the TRO through April 30. Defendants' appeal of the TRO to the Ninth Circuit was denied, as was a petition for rehearing en banc. On April 29, the District Court granted a preliminary injunction blocking Defendants from withdrawing the services or funds provided by ORR until a final judgment in the matter is issued. Defendants appealed the PI to the Ninth Circuit on April 30, stay pending appeal denied May 14, order updated May 20; and Trump administration opening brief was filed June 12.

16. *J.A.V. v. Trump*, No. 1:25-cv-00072 — Judge Fernando Rodriguez (Trump) of the Southern District of Texas on April 9 temporarily enjoined the Trump administration from deporting Venezuelans outside of the district under the Alien Enemies Act. On May 1, Judge Rodriguez certified a class and granted a permanent injunction.

17. *G.F.F. v. Trump*, No. 1:25-cv-02886 — Judge Alvin Hellerstein (Clinton) of the Southern District of New York granted a temporary restraining order on April 9 on behalf of a class of all persons in the district subject to deportation under the Alien Enemies Act. A Preliminary Injunction was granted May 6.

18. *Doe v. Noem*, No. 1:25-cv-10495 — Judge Indira Talwani (Obama) of the District of Massachusetts, on April 14, granted a motion to stay the Department of Homeland Security's blanket revocation of Cuba, Haiti, Nicaragua, and Venezuela parole programs (the "CHNV parole programs") and ordering case-by-case review of any termination of work authorization permits to remain in the United States. After the First Circuit denied a stay, the Supreme Court on May 30 stayed the district court decision.

19. *Viloria Aviles v. Trump*, No. 2:25-cv-00611 — Judge Gloria Maria Navarro (Obama) of the District of Nevada issued a preliminary injunction on April 17 prohibiting the government from removing the Petitioner from the United States under the Alien Enemies Act until after his merits hearing.

20. *D.B.U. v. Trump*, No. 1:25-cv-01163 — Judge Charlotte Sweeney (Biden) of the District of Colorado issued a temporary restraining order on April 22 forbidding the administration from removing Venezuelan illegal aliens from Colorado for deportation under the Aliens Enemies Act. A motion for a preliminary injunction is pending. On appeal to the Tenth Circuit, a panel on April 29 denied an emergency motion for stay.

21. *A.S.R. v. Trump*, No. 3:25-cv-00113 — Judge Stephanie Haines (Trump) of the Western District of Pennsylvania granted a temporary restraining order on April 25 on behalf of a class of all persons in the district subject to deportation under the Alien Enemies Act that they must be given 14 days' notice and hearing before any removal from the district, pursuant to the Supreme Court's decision in *J.G.G. v. Trump.*

22. *Mahdawi v. Trump*, No. 2:25-cv-00389 — Judge Geoffrey W. Crawford (Obama) of the District of Vermont extended a temporary restraining order on April 24 "for a period of 90 days or until dismissal of this case or grant of a preliminary injunction, whichever is earliest ... no respondent... shall remove [Mohsen Mahdawi, a Palestinian] from Vermont without further order from this court."

23. *Yostin Sleiker Gutierrez-Contreras v. Warden Desert View Annex*, No. 5:25-cv-00911 — Judge Sunshine S. Sykes (Biden) of the Central District of California, issued a temporary restraining order on April 16 preventing the government from removing a Venezuelan at risk of being deported to El Salvador under the Alien Enemies Act. On April 28, the TRO was dissolved since the Plaintiff was in Texas when the petition was filed.

24. *President and Fellows of Harvard v. Department of Homeland Security*, No 1:25-cv-11472 — Judge Allison D. Burroughs (Obama) of the District of Massachusetts issued a temporary restraining order on May 23, blocking the administration from revoking Harvard's ability to enroll international students under the Student and Exchange Visitor Program (SEVP). After President Trump issued a new proclamation on June 4, Judge Burroughs issued another temporary restraining order on June 5, and a preliminary injunction June 20.

25. *Arevalo Millan v. Trump*, No. 5:25-cv-01207 — Judge John W. Holcomb (Trump) of the Central District of California on May 19 certified a class of noncitizens in the district subject to the Alien Enemies Act ("AEA") and granted a temporary restraining order. On June 2, Judge Holcomb issued a preliminary injunction against deporting members of the class under authority of AEA.

26. *Y.A.P.A. v. Trump*, No. 4:25-cv-00144 — Judge Clay D. Land (G.W. Bush) of the Middle District of Georgia on May 21 granted a temporary restraining order blocking deportation of a Venezuelan man, at risk of deportation to El Salvador, under the Alien Enemies Act. The court did not block deportation under INA.

27. *Angelica S. v. HHS*, No. 1:25-cv-01405 — Judge Dabney L. Friedrich (Trump) of the District of D.C. on June 9 certified a class and granted a preliminary injunction blocking parts of HHS reforms to the Unaccompanied Alien Children (UAC) program, which resettles migrant children in U.S. with adult sponsors after they arrive at the U.S.-Mexico border without parents or guardians.

28. Refugee and Immigrant Center for Education and Legal Services v. Noem, No. 1:25-cv-00306 — Judge Randolph D. Moss (Obama) of the District of D.C. on July 2 granted summary judgment and certified a class preventing the Trump Administration from enforcing Proclamation 10888, which disallows immigrants from remaining in the U.S. while pursuing asylum claims. On July 3, the Trump Administration appealed to the DC Circuit Court of Appeals.

> *NOTE: According to *Politico*, there have been over 100 lawsuits and 50 restraining orders related to the F-1 visas and the Student and Exchange Visitor Information System (SEVIS) in 23 states. The Trump Administration is working to resolve this situation, so these cases are not included here.

## TRANSGENDER

29. *Talbott v. Trump*, No. 1:25-cv-00240 — Judge Ana C. Reyes (Biden) of the District of D.C., a lesbian, enjoined Trump's rule preventing "transgender" persons from serving in the military. The case is on appeal to the D.C. Circuit.

30. *PFLAG v. Trump*, No. 8:25-cv-00337 — Judge Brendan A. Hurson (Biden) of the District of Maryland granted an injunction against Trump's order denying federal funding to institutions performing chemical or surgical "transgender" mutilation on minors.

31. *Washington v. Trump*, No. 2:25-cv-00244 — Judge Lauren J. King (Biden) of the Western District of Washington enjoined Trump's order denying federal funding to institutions performing chemical or surgical "transgender" mutilation on minors. The case is on appeal to the Ninth Circuit.

32. *Ireland v. Hegseth*, No. 1:25-cv-01918 — Judge Christine P. O'Hearn (Biden) of the District of New Jersey enjoined the Air Force from removing two

"transgender" service members pursuant to Trump's order banning "transgender" service members.

33. *Doe v. McHenry; Doe v. Bondi*, No. 1:25-cv-00286 — Judge Royce C. Lamberth (Reagan) of the District of D.C. enjoined the transfer of twelve "transgender women" to men's prisons under Trump's order, and terminating their taxpayer-funded hormone treatments. The injunction has been appealed to the D.C. Circuit.

34. *Moe v. Trump*, No. 1:25-cv-10195 — Senior Judge George A. O'Toole Jr. (Clinton) of the District of Massachusetts enjoined the transfer of a "transgender woman" to a men's prison under Trump's order. This case has been transferred to another, unidentified, district.

35. *Jones v. Trump*, No. 1:25-cv-401 — Judge Royce C. Lamberth (Reagan) of the District of D.C. enjoined the transfer of three "transgender women" to men's prisons and termination of their taxpayer-funded hormone treatments under Trump's order.

36. *Shilling v. Trump*, No. 2:25-cv-00241 — Judge Benjamin H. Settle (G.W. Bush) of the Western District of Washington enjoined Trump's order to remove "transgender" service members. The Ninth Circuit denied a request for a stay of the injunction; an Application for Stay was filed at the Supreme Court (24A1030) April 24, and the stay was granted May 6.

37. *Maine v. Department of Agriculture*, No. 1:25-cv-00131 — Judge John Woodcock (G.W. Bush) of the District of Maine granted a temporary restraining order on April 11 on behalf of Maine, in its lawsuit against Trump's federal education funding freeze to Maine for its refusal to ban boys from girls' teams.

38. *Orr v. Trump*, No. 1:25-cv-10313 — Judge Julia E. Kobick (Biden) of the District of Massachusetts issued a preliminary injunction on April 18 against enforcing the biological sex at birth designation on passports against Plaintiffs. On June 17, Judge Kobick certified classes and applied the prior injunction to the classes. The Trump administration appealed the case to the First Circuit.

## GOVERNMENT OPERATIONS

39. *Dellinger v. Bessent*, No. 1:25-cv-00385 — Judge Amy B. Jackson (Obama) of the District of D.C. issued a restraining order invalidating Trump's firing of U.S. special counsel Hampton Dellinger. The order was upheld by the D.C. Circuit Court of Appeals and the Supreme Court, then was temporarily lifted by the Court of Appeals on March 5; on March 6, Dellinger announced that he was dropping his case.

40. *American Federation of Government Employees, AFL-CIO v. U.S. Office of Personnel Management*, No. 3:25-cv-01780 — Judge William H. Alsup (Clinton) of the Northern District of California enjoined Trump's order for six federal agencies to dismiss thousands of probationary employees. The injunction was upheld by the Ninth Circuit, but the Supreme Court on April 8 issued a stay based on standing.

41. *Wilcox v. Trump*, No. 1:25-cv-00334 — Judge Beryl A. Howell (Obama) of the District of D.C. enjoined Trump's firing of National Labor Relations Board member Gwynne Wilcox, a Democrat, and ordered her reinstated to finish her term. The D.C. Circuit stayed the injunction, then reinstated it, and an application for a stay at the Supreme Court was granted by Chief Justice Roberts on April 9, and by the Supreme Court on May 22.

42. *Harris v. Bessent*, No. 1:25-cv-00412 — Judge Rudolph Contreras (Obama) of the District of D.C. enjoined Trump's firing of Merit Systems Protection Board member Cathy Harris and ordered her reinstated. The D.C. Circuit stayed the injunction, then reinstated it, an application for a stay at the Supreme Court was granted by Chief Justice Roberts on April 9, and by the Supreme Court on May 22.

43. *American Foreign Service Association v. Trump*, No. 1:25-cv-00352 — Judge Carl J. Nichols (Trump) of the District of D.C. issued a temporary restraining order against Trump's firing of USAID employees. He later vacated the TRO and denied a preliminary injunction against the firings.

44. *Does 1-9 v. Department of Justice*, No. 1:25-cv-00325 — Judge Jia M. Cobb (Biden) of the District of D.C. enjoined Trump from releasing the names of any FBI agents who worked on the January 6 investigation.

45. *Doctors for America v. U.S. Office of Personnel Management*, No. 1:25-cv-00322 — Judge John D. Bates (G.W. Bush) of the District of D.C. issued a temporary restraining order that CDC and FDA webpages that "inculcate or promote gender ideology" be restored after Trump ordered them removed. On July 2, 2025, Judge Bates granted summary judgment to "vacate the OPM Memo and the HHS Guidance, and order the restoration of some webpages and datasets."

46. *Perkins Coie v. DOJ*, No. 1:25-cv-00716 — Judge Beryl A. Howell (Obama) of the District of D.C. enjoined Trump's directive barring government agencies doing business with Perkins Coie and banning PC attorneys from federal buildings. The Trump administration has appealed to the DC Circuit.

47. *Jenner Block v. DOJ*, No. 1:25-cv-00916 — Judge John D. Bates (G.W. Bush) of the District of D.C. on March 28 granted a temporary restraining order against Trump's directive barring government agencies from doing business with Jenner Block and banning that firm's attorneys from federal buildings. Judge Block granted Jenner's motions for summary judgment and permanent injunction on May 23.

48. *Wilmer Cutler Pickering Hale and Dorr LLP v. Executive Office of the President*, No. 1:25-cv-00917 — Judge Richard J. Leon (G.W. Bush) of the District of D.C. enjoined Trump's directive barring government agencies from doing business with Wilmer and banning that firm's attorneys from federal buildings.

49. *Susman Godfrey LLP v. Executive Office of the President*, No. 1:25-cv-01107 — Judge Loren L. AliKhan (Biden) of the District of D.C. on April 15 enjoined Trump's directive barring government agencies from doing business with Susman Godfrey and banning that firm's attorneys from federal buildings.

50. *American Federation of Government Employees, AFL-CIO v. Ezell*, No. 1:25-cv-10276 — Senior Judge George A. O'Toole Jr. (Clinton) of the District of Massachusetts issued a temporary restraining order against Trump's buyout of federal employees. The judge later lifted the TRO and denied an injunction, allowing the buyout to go forward.

51. *Maryland v. US Dept. of Agriculture*, No. 1:25-cv-00748 — James K. Bredar (Obama) of the District of Maryland issued a TRO ordering 38 agencies to stop firing employees and reinstate fired employees. On April 9, the Fourth Circuit stayed the district court injunction, noting the Supreme Court's stay in *AFGE, AFL-CIO v. OPM and Ezell*).

52. *Does 1-26 v. Musk*, No. 8:25-cv-00462 — Judge Theodore D. Chuang (Obama) of the District of Maryland ordered DOGE to reinstate email access for fired USAID employees.

53. *American Federation of Teachers v. Bessent*, No. 8:25-cv-00430 — Judge Deborah L. Boardman (Biden) of the District of Maryland enjoined DOE and Office of Personnel Management from disclosing personal information of employees to DOGE. On April 7, the Fourth Circuit granted a stay to the Defendants pending the appeal.

54. *American Federation of State, County and Municipal Employees, AFL-CIO v. Social Security Administration*, No. 1:25-cv-00596 — Judge Ellen L. Hollander (Obama) of the District of Maryland granted an injunction forbidding the Social Security Administration from providing personal information to DOGE. The Fourth Circuit dismissed an appeal for lack jurisdiction. On May 2, the Trump administration filed an Application for a Stay at the Supreme Court, which was granted on June 6.

55. *Brehm v. Marocco*, No. 1:25-cv-00660 — Judge Richard J. Leon (G.W. Bush) of the District of D.C. issued a temporary restraining order forbidding Trump from removing Brehm from, and appointing Marocco to, the U.S. African Development Foundation.

56. *American Oversight v. Hegseth*, No. 1:25-cv-00883 — Judge James E. Boasberg (Obama) of the District of D.C. issued an order "as agreed by the parties," for the government to preserve all Signal communications related to the leak to an *Atlantic* editor of DoD conversations in Houthi strike.

57. *National Treasury Employees Union v. Trump*, No. 1:25-cv-00935 — Judge Paul Friedman (Clinton) of the District of D.C., on April 25, enjoined agencies from implementing Trump's executive order limiting collective bargaining rights for many federal employees, but specifically did not enjoin President Trump.

58. *Woonasquatucket River Watershed Council v. Department of Agriculture*, No. 1:25-cv-00097 — Judge Mary McElroy (Trump) of the District of Rhode Island issued a preliminary injunction against Trump's federal funding freeze for various departments including the EPA. The Trump administration appealed to the First[t] Circuit on May 1.

59. *Associated Press v. Budowich*, No. 1:25-cv-00532 — Judge Trevor McFadden (Trump) of the District of D.C. on April 8 enjoined the White House from keeping AP reporters out of the White House press briefings until it agrees to refer to the "Gulf of America."

60. *Novedades Y Servicios, Inc. v. FinCEN*, 3:25-cv-00886 — Judge Janis L. Sammartino (G.W. Bush) of the Southern District of California granted a temporary restraining order on April 22 against Department of Treasury FinCEN's Geographic Targeting Order which requires businesses along the southern border to file Currency Transaction Reports with FinCEN at a $200 threshold.

61. *New York, et al. v. Donald J. Trump*, No. 1:25-cv-01144 — Judge Jeannette A. Vargas (Biden) of the Southern District of New York issued a preliminary injunction on February 21 blocking DOGE's access to certain Treasury Department payment records. Then on April 11, Judge Vargas partially dissolved her preliminary injunction since "based on existing record" mitigation, training and vetting procedures were adequate to satisfy her concerns.

62. *American Federation Of Government Employees, AFL-CIO v. Trump*, No. 3:25-cv-03698 — Judge Susan Y. Illston (Clinton) of the Northern District of California granted a temporary restraining order on May 9 to pause the Defendants' reductions in force under EO 14210, which Defendants appealed to the Ninth Circuit. Judge Illston issued a preliminary injunction on May 22, and on June 13 clarified that the State Department is included in the PI. The PI was appealed to the Ninth Circuit, which on May 30 denied the Defendants' emergency motion for a stay pending appeal. The Trump administration filed an application for a stay at the US Supreme Court on June 2.

63. *National Job Corps Association v. Department of Labor*, No. 1:25-cv-04641 — Judge Andrew L. Carter Jr. (Obama) of the Southern District of New York issued a temporary restraining order on June 4, the day after National Job Corps Association sued the Department of Labor over the Trump administration's termination of contracts for operation of Job Corps centers.

64. *Maryland v. Corporation for National and Community Service*, No. 1:25-cv-01363 — Judge Deborah L. Boardman (Biden) of the District of Maryland issued a preliminary injunction on June 5, blocking the administration's reduction in force (RIF) and cancellation of programs at AmeriCorps.

65. *American Federation of Government Employees v. Noem*, No. 2:25-cv-00451 — Judge Marsha J. Pechman (Clinton) of the Western District of Washington granted a preliminary injunction on June 2, blocking the Transportation Security Administration's cancellation of their collective bargaining agreement.

66. *Learning Resources Inc. v. Trump*, No. 1:25-cv-01248 — Judge Rudolph Contreras (Obama) of the District of D.C. on May 29 granted a preliminary injunction blocking President Trump's global tariffs under the International Emergency Economic Powers Act and denying the government's motion to transfer the case to the U.S. Court of International Trade. The administration has appealed to the DC Circuit, and Judge Contreras on June 3 stayed his own injunction after Court of Appeals for the Federal Circuit action in a related case. Plaintiffs filed a petition for a writ of certiorari before judgment on July 17.

67. *Newsom v. Trump*, No. 3:25-cv-04870 — Senior District Judge Charles R. Breyer (Clinton) of the Northern District of California on June 12 issued a

temporary restraining order enjoining Defendants "from deploying members of the California National Guard in Los Angeles" and directing Defendants "to return control of the California National Guard to Governor Newsom." The Trump administration immediately appealed on June 12 to the Ninth Circuit, and a panel granted an administrative stay the same day, and on June 19 granted a stay pending appeal.

68. *AFGE, AFL-CIO v. U.S. OPM*, No. 1:25-cv-01237 — Judge Denise L. Cote (Clinton) of the Southern District of New York issued an opinion granting a preliminary injunction on June 9, 2025, finalized and issued on June 20, 2025 prohibiting the Office of Personnel Management from continuing to share federal employee records with individuals tied to the Department of Government Efficiency (DOGE).

**FUNDING**

69. *National Treasury Employees Union v. Vought*, No. 1:25-cv-00381 — Judge Amy B. Jackson (Obama) of the District of D.C. halted Trump's budget cuts and layoffs at the Consumer Financial Protection Bureau. On March 31, the government appealed Judge Jackson's preliminary injunction order to the D.C. Circuit; which on April 11 ordered a partial stay of the preliminary injunction.

70. *AIDS Vaccine Advocacy Coalition v. Department of State*, No. 1:25-cv-00400 — Judge Amir H. Ali (Biden) of the District of D.C. ordered Trump to unfreeze and spend $2 billion in USAID funds. The Supreme Court, in a 5-4 ruling with Justices Alito, Thomas, Kavanaugh, and Gorsuch dissenting, left the order in place. On Apr. 2, defendants appealed Judge Ali's Mar. 10 preliminary injunction order to the D.C. Circuit.

71. *Colorado v. US Dept. of Health and Human Services*, No. 1:25-cv-00121 — Judge Mary S. McElroy (Trump) of the District of Rhode Island, issued a temporary restraining order on April 5 reinstating payments to a coalition of states which sued the Trump administration over the cancellation of $11 billion in public health funding.

72. *National Council of Nonprofits v. OMB*, No. 1:25-cv-00239 — Judge Loren L. AliKhan (Biden) of the District of D.C. blocked Trump's order to pause federal

aid while reviewing to determine if it aligned with administration policy. Appeal to the D.C. Circuit docketed April 25.

73. *Massachusetts v. NIH*, No. 1:25-cv-10338 — Judge Angel Kelley (Biden) of the District of Massachusetts issued a preliminary injunction on March 5 prohibiting implementation of the NIH Guidance "in any form with respect to institutions nationwide," and final judgment and permanent injunction on April 4. The case was appealed to the First Circuit (25-1343) on April 9.

74. *New York v. Trump*, No. 1:25-cv-00039 — Judge John J. McConnell Jr. (Obama) of the District of Rhode Island issued a temporary restraining order on January 31 enjoining Trump's order to freeze federal spending while reviewing to determine that it aligned with administration policy. The First Circuit, on March 26, denied defendants' motion for a stay pending appeal of the district court's preliminary injunction order. Appellant brief filed May 27 and another one May 29.

75. *RFE/RL, Inc. v. Lake*, No. 1:25-cv-00799 — Judge Royce C. Lamberth (Reagan) of the District of D.C. granted a temporary restraining order March 25, forbidding Trump from cutting funds to Voice of America. The TRO was extended on April 8, and another TRO was granted on April 29. On appeal to the DC Circuit, an administrative stay was granted by a panel on May 1, but on May 7, the DC Circuit en banc overruled the panel, restoring the district court's stay. On May 30, Judge Lamberth granted an order requiring the government to immediately disburse $12,174,979 to cover RFE/RL's expenditures for the month of May 2025.

76. *Widakuswara v. Lake*, No. 1:25-cv-01015 — Judge Royce C. Lamberth (Reagan) of the District of D.C. issued a preliminary injunction on April 22 requiring the reinstatement of employment positions and funding for Voice of America and U.S. Agency for Global Media. The government appealed to the DC Circuit April 24.

77. *Radio Free Asia v. United States of America*, No. 1:25-cv-00907 — Judge Royce C. Lamberth (Reagan) of the District of D.C. issued a preliminary injunction requiring restoration of funding of Radio Free Asia and Middle East Broadcasting Networks on April 25. The government immediately filed an appeal to the D.C. Circuit, which granted a stay pending appeal on May 3.

78. *Massachusetts Fair Housing Ctr. v. HUD*, No. 3:25-cv-30041 — Judge Richard G. Stearns (Clinton) of the District of Massachusetts enjoined Trump's cuts to HUD grant funding and ordered spending reinstated.

79. *Climate United Fund v. Citibank, N.A.*, No. 1:25-cv-00698 — Judge Tanya S. Chutkan (Obama) of the District of D.C. issued a temporary restraining order enjoining EPA's Termination of Greenhouse Gas Reduction Fund Grants.

80. *Association of American Medical Colleges v. NIH*, No. 1:25-cv-10340 — Judge Angel Kelley (Biden) of the District of Massachusetts enjoined Trump's NIH grant funding cuts. The case was appealed to the First Circuit (25-1344) on April 9.

81. *American Association of Colleges for Teacher Education v. McMahon*, No. 1:25-cv-00702 — Judge Julie R. Rubin (Biden) of the District of Maryland issued an injunction requiring reinstatement of terminated education grant funds. Defendants appealed the preliminary injunction to the Fourth Circuit. On April 1, the Fourth Circuit denied Plaintiffs' motion to place the case in abeyance, and on April 10, granted the defendants' motion for stay pending appeal.

82. *Mayor and City Council of Baltimore et al. v. Vought*, No. 1:25-cv-00458 — Judge Matthew J. Maddox (Biden) of the District of Maryland issued a TRO preventing Trump from defunding the CFPB.

83. *Association of American Universities v. Department of Health and Human Services*, No. 1:25-cv-10346 — Judge Angel Kelley (Biden) of the District of Massachusetts issued a nationwide injunction against Trump's NIH funding cuts. Defendants appealed to the First Circuit (25-1345) on April 9.

84. *Association of American Universities v. Dept. of Energy*, No. 1:25-cv-10912 — Judge Allison D. Burroughs (Obama) of the District of Massachusetts issued a temporary restraining order on April 16 against the cap instituted on reimbursements for indirect costs for federal research grants from the Department of Energy.

85. *American Library Association v. Sonderling*, No. 1:25-cv-01050 — Judge Richard J. Leon (G.W. Bush) of the District of D.C. granted a temporary restraining order on May 1 against the executive order which requires spending reduction of the Institute for Museum and Library Services.

86. *Rhode Island v. Trump*, No. 1:25-cv-00128 — Chief Judge John J. McConnell, Jr. (Obama) of the District of Rhode Island, granted a preliminary injunction on May 6 to a coalition of states which sued over an Executive Order which requires 7 agencies to reduce their functions.

87. *State of New York v. U.S. Dep't of Education*, No. 1:25-cv-02990 — Judge Edgardo Ramos (Obama) of the Southern District of New York granted a preliminary injunction June 3 that prohibits the U.S. Department of Education from cancelling over $1 billion in unspent COVID-19 pandemic funding grants extended past the original deadline by the prior administration. On appeal to the Second Circuit, a motions hearing was held on June 17.

88. *San Fransisco U.S.D. v. AmeriCorps*, 3:25-cv-02425 — Judge Edward M. Chen (Obama) of the Northern District of California granted a temporary restraining order on March 31 after San Francisco Unified School District sued over actions taken to fire employees and freeze grant funding at AmeriCorps.

89. *Citizens for Responsibility and Ethics in Washington v. U.S. DOGE Service*, 1:25-cv-00511 — Judge Christopher R. Cooper (Obama) of the District of D.C. issued a preliminary injunction on March 10 in a lawsuit against DOGE and Elon Musk regarding compliance with FOIA and the Federal Records Act.

90. *American Public Health Association v. NIH*, No. 1:25-cv-10787 and *Commonwealth of Massachusetts v. Kennedy, Jr.* No. 1:25-cv-10814 — Judge William G. Young (Reagan) of the District of Massachusetts issued a ruling from the bench that the "challenged [NIH Grant] directives are vacated. A written order will issue. Defendants shall promptly comply with the order of the Court. Plaintiffs to submit a proposed partial but final judgment as to Phase 1 by June 17, 2025."

91. *Global Health Council V. Donald J. Trump*, No. 1:25-cv-00402 — Judge Amir H. Ali (Biden) of the District of D.C. on March 10 issued a preliminary injunction ordering the Trump administration to make available billions of dollars appropriated in the 2024 Further Consolidated Appropriations Act, claiming the president cannot refuse to spend money already appropriated for foreign aid. The defendants have appealed to the DC Circuit, where oral argument was heard July 2, 2025.

92. *Planned Parenthood Federation of America, Inc. v. Kennedy*, No. 1:25-cv-11913 — Judge Indira Talwani (Obama) of the District of Massachusetts, on July 7, 2025, granted a temporary restraining order prohibiting the "enforcing, retroactively enforcing, or otherwise applying" of the Medicaid cuts in "the provisions of Section 71113 of 'An Act to provide for reconciliation pursuant to title II of H. Con. Res. 14,' against Planned Parenthood...."

## ELECTIONS

93. *League of United Latin American Citizens v. EOP*, No. 1:25-cv-00946 — Judge Colleen Kollar-Kotelly (Clinton) of the District of D.C. granted a universal injunction on April 24 against Executive Order 14,248, requiring documentary proof of United States citizenship to vote in Federal elections. This case consolidates three suits brought by racial minority associations, the Democratic Party, campaigns, and elected officials.

94. *State of California v. Trump*, No. 1:25-cv-10810 — Judge Denise J. Casper (Obama) of the District of Massachusetts granted a preliminary injunction on June 13 against the Trump administration's efforts to prevent noncitizen voting, blocking implementation of five sections of Executive Order 14,248.

**DEI-RELATED PROGRAMS**

95. *Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump*, No. 1:25-cv-00333 — Judge Adam B. Abelson (Biden) of the District of Maryland enjoined Trump's order blocking federal funding for DEI programs. On March 14, the Fourth Circuit granted the government's motion for a stay of the preliminary injunction pending appeal.

96. *California v. Department of Education*, No. 1:25-cv-10548 — Judge Myong J. Joun (Biden) of the District of Massachusetts granted a temporary restraining order blocking Trump's withdrawal of funds to schools teaching DEI. The First Circuit denied a motion for stay pending appeal. On April 4, the Supreme Court granted a stay pending appeal, writing "the Government is likely to succeed in showing the District Court lacked jurisdiction" and that the case may need to be brought in the Court of Federal Claims.

97. *Chicago Women in Trades v. Trump*, No. 1:25-cv-02005 — Senior Judge Matthew F. Kennelly (Clinton) of the Northern District of Illinois entered a temporary restraining order commanding the reinstatement of DEI grants.

98. *Doe 1 v. Office of the Director of National Intelligence*, No. 1:25-cv-00300 — Judge Anthony J. Trenga (G.W. Bush) of the Eastern District of Virginia issued an "administrative stay" against firing DEI employees with CIA and DNI. The court then considered and rejected imposing a TRO to the same effect. On March 31, Judge Trenga granted a preliminary injunction enjoining the defendants. On May 6, defendants filed notice of appeal to the Fourth Circuit.

99. *American Federation of Teachers v. U.S. Department of Education*, No. 1:25-cv-00628 — Judge Stephanie A. Gallagher (Trump) of the District of Maryland enjoined the U.S. Department of Education's February 14, 2025 "Dear Colleague Letter" ending diversity, equity, and inclusion practices in schools by threatening to withhold federal funding from those that refuse to comply.

100. *National Education Association v. US Department of Education*, No. 1:25-cv-00091 — Judge Landya B. McCafferty (Obama) of the District of New Hampshire enjoined the U.S. Department of Education's February 14, 2025 "Dear

Colleague Letter" ending diversity, equity, and inclusion practices in schools by threatening to withhold funding from those that refuse to comply.

101. *NAACP v. U.S. Department of Education*, No. 1:25-cv-01120 — Judge Dabney L. Friedrich (Trump) of the District of D.C. enjoined the U.S. Department of Education's February 14, 2025 "Dear Colleague Letter" ending diversity, equity, and inclusion practices in schools by threatening to withhold federal funding from those that refuse to comply.

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

IT IS HEREBY CERTIFIED:

1. That the foregoing Brief *Amicus Curiae* of America's Future in Support of Defendants-Appellants and Emergency Stay complies with the type-volume limitation of Rule 29(a)(5), Federal Rules of Appellate Procedure, because this brief contains 2,599 words, excluding the parts of the brief exempted by Rule 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using WordPerfect version 21.0.0.194 in 14-point Times New Roman.

*/s/ William J. Olson*

William J. Olson
Attorney for *Amicus Curiae*

Dated: July 9, 2025

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Brief *Amicus Curiae* of America's Future in Support of Defendants-Appellants and Emergency Stay, was made, this 9th day of July 2025, by the Court's Case Management/ Electronic Case Files system upon the attorneys for the parties.

*/s/ William J. Olson*

______________________________

William J. Olson
Attorney for *Amicus Curiae*