NOT YET SCHEDULED FOR ORAL ARGUMENT

No. 25-5243

# United States Court of Appeals for the District of Columbia Circuit

_____

REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES, et al.,
*Plaintiffs-Appellees*

v.

KRISTI NOEM, et al.,
*Defendants-Appellants*

_____

From the United States District Court for the District of Columbia
Case No. 1:25-cv-00306-RDM (Hon. Randolph D. Moss)

_____

**APPELLEES' MOTION FOR EXPEDITED BRIEFING**
_____

Pursuant to Federal Rules of Appellate Procedure 2 and 27, Plaintiffs-Appellees respectfully request that this Court enter an expedited schedule for briefing, argument, and consideration of the issues on appeal.

## BACKGROUND

Because the briefing on the government's Emergency Motion for a Stay Pending Appeal provides the relevant background, Plaintiffs will provide only a brief summary here. On January 20, 2025, President Trump issued Proclamation 10888, 90 Fed. Reg. 8333, 8334–35 (Jan. 20, 2025) (the "Proclamation"). The Proclamation purports to displace the comprehensive statutory scheme enacted by Congress to govern the removal of noncitizens. Plaintiffs brought suit to challenge the legality of the Proclamation and the guidance implementing it.

On July 2, 2025, the district court granted in part Plaintiffs' motion for summary judgment and class certification. The certified class consists of "[a]ll individuals who are or will be subject to Proclamation 10888 and/or its implementation, who are currently present or will be present in the United States." In its memorandum opinion, the district court found that the President lacked the authority either to set aside these statutory protections or to create a new system of removal. Accordingly, the district court ruled that Defendants' enforcement of the Proclamation and its implementing guidance was unlawful. The court enjoined Defendants from (1) implementing the Proclamation to remove Plaintiffs or class

members using non-statutory repatriation or removal proceedings; (2) removing Plaintiffs or class members without complying with the asylum statute, § 1158(a); (3) narrowing the eligibility criteria for asylum without complying with the asylum statute, § 1158(b)(2)(C); and (4) using procedures other than those set forth in the relevant regulations when processing individual plaintiffs' or class members' CAT protection claims. The court also vacated the agency guidance implementing the Proclamation "to the extent that it authorizes extra-statutory and extra-regulatory removals or repatriations of covered individuals" or otherwise prevents covered individuals from accessing their statutory rights to seek and, where appropriate, to obtain relief.

On July 7, 2025, Defendants filed with this Court an Emergency Motion for Stay Pending Appeal ("Stay Motion") seeking to stay the district court's judgment so that Defendants could continue to enforce the Proclamation during the pendency of the appeal. *See* Appellants' Emergency Mot. for a Stay Pending App. at 18-20. On July 11, this Court entered an administrative stay pending resolution of the Stay Motion. This Court has not yet ruled on the Stay Motion.

On July 23, 2025, Plaintiffs' counsel contacted Defendants' counsel to ascertain whether Defendants would agree to the proposed expedited schedule. Defendants' counsel indicated that Defendants opposed issuing a schedule now and instead wanted to address the timing of briefing after the Court issues a stay decision.

2

## **ARGUMENT**

Expedited consideration is fully warranted here. *See* D.C. Cir. *Handbook of Practice and Internal Procedures* 34 (2024) (detailing considerations bearing on whether to expedite briefing). This case is, simply put, about whether the Executive Branch can continue to summarily expel thousands of migrants who crossed the border, outside of the statutory removal process Congress has created and without regard to the statutory protections from removal Congress has provided. And while the parties disagree on much, they agree that prompt resolution of this issue is of broad public importance; each side, moreover, vigorously asserts the irreparable harms they believe will result from the Proclamation either being, or not being, in effect. Indeed, Defendants grounded their entire stay request on those claims. *See* Appellants' Emergency Mot. for a Stay Pending App. at 2 (detailing Defendants' view of why a stay is necessary); *id.* at 18-20 (arguing that "[t]he damage from the [district] court's injunction will be severe"). Meanwhile, as Plaintiffs' opposition to the Stay Motion reflects, Plaintiffs have identified strong harms on the other side. *See* Appellees' Opp. to Appellants' Emergency Mot. for Stay Pending Appeal at 21-22 (explaining the "severe and life-threatening" harm that will befall class members absent a stay).

This Court often grants expedited briefing in such cases. *See, e.g.*, Order, *Learning Resources, Inc. v. Trump*, 25-5202 (D.C. Cir. June 18, 2025); Order,

3

*Dellinger v. Bessent*, 25-5052 (Mar. 5, 2025); *Trump v. Thompson*, No. 21-5254 (D.C. Cir. Nov. 11, 2021). And it has done so even where one party opposes the expedited schedule. *See, e.g.*, Order, *United States v. Trump*, 23-3228 (D.C. Cir. Dec. 13, 2023); Order, *Electronic Privacy Info. Ctr. v. U.S. Dep't of Commerce*, 19-5031 (D.C. Cir. Feb. 26, 2019).

It makes far more sense, moreover, for this Court to issue a briefing schedule now. Defendants oppose issuing a schedule now, saying they wish to address the timing of briefing after a stay decision. But to begin, that approach simply wastes time: Everyone agrees that this case is time-sensitive and is of exceptional public importance, and merits briefing can proceed now, while the Court considers the Stay Motion. Nor can Defendants, having asked this Court for the extraordinary relief of a stay pending appeal, and having demanded action on an extremely compressed timeframe, fairly complain about the modest burden of expedited briefing. Appellants' Emergency Mot. for a Stay Pending App. at 1 ("ask[ing] for a ruling (or an administrative stay) by July 11" and stating that if they did not receive relief they would go to the Supreme Court "on July 14"). And it is *more* appropriate, not less, to set a briefing schedule while the Stay Motion is unresolved. Defendants' wait-and-see position lets them support expedited briefing if a stay is denied, but oppose if one is granted. The better approach is to avoid gamesmanship and treat this case with the expedition it deserves either way.

4

**Proposed Briefing Schedule**

Plaintiffs respectfully propose the following briefing schedule:

- Defendants-Appellants' Opening Brief: August 11, 2025
- Plaintiffs-Appellees' Response Brief: August 25, 2025
- Defendants-Appellants' Rely Brief: September 1, 2025

Plaintiffs further respectfully request that oral argument be calendared for a date as early as possible.

## CONCLUSION

For the foregoing reasons, Plaintiffs-Appellees respectfully request that the Court grant their Motion for Expedited Briefing.

Dated: July 25, 2025                    Respectfully submitted:

/s/ *Lee Gelernt*

| | |
|---|---|
| Keren Zwick | Lee Gelernt |
| Mary Georgevich | *Counsel of Record* |
| NATIONAL IMMIGRANT JUSTICE CENTER | Omar C. Jadwat |
| 111 W. Jackson Blvd., Suite 800 | AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT |
| Chicago, IL 60604 | 125 Broad Street, 18th Floor |
| T: 312-660-1370 | New York, NY 10004 |
| kzwick@immigrantjustice.org | T: 212-549-2660 |
| mgeorgevich@immigrantjustice.org | lgelernt@aclu.org |
| | ojadwat@aclu.org |
| Melissa Crow | |
| CENTER FOR GENDER & REFUGEE STUDIES | Morgan Russell |
| | Cody Wofsy |
| 1121 14th Street, NW, Suite 200 | Spencer Amdur |

5

Washington, D.C. 20005
T: 202-355-4471
crowmelissa@uclawsf.edu

Edith Sangueza
CENTER FOR GENDER & REFUGEE STUDIES
200 McAllister St.
San Francisco, CA
T: 415-581-8839
sanguezaedith@uclawsf.edu

Robert Pauw
CENTER FOR GENDER & REFUGEE STUDIES
c/o Gibbs Houston Pauw
1000 Second Avenue, Suite 1600
Seattle, WA 98104
T: 206-682-1080
rpauw@ghp-law.net

Daniel Hatoum
TEXAS CIVIL RIGHTS PROJECT
P.O. Box 219
Alamo, Texas 78516
T: 512-474-5073, ext. 208
daniel@texascivilrightsproject.org

Richard Caldarone
REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES (RAICES)
P.O. Box 786100
San Antonio, TX 78278
T: (210) 960-3206
richard.caldarone@raicestexas.org

AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT
425 California Street, Suite 700
San Francisco, CA 94104
T: 415-343-0770
mrussell@aclu.org
cwofsy@aclu.org
samdur@aclu.org

Arthur B. Spitzer
Scott Michelman
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
T: 202-457-0800
aspitzer@acludc.org
smichelman@acludc.org

Ashley Alcantara Harris
David A. Donatti
ACLU FOUNDATION OF TEXAS
P.O. Box 8306
Houston, TX 77288
T: (713) 942-8146
aharris@aclutx.org
ddonatti@aclutx.org

*Attorneys for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d)(2)(A), I hereby certify that the preceding motion complies with the type-volume limitation of the Rules, containing 984 words, excluding the parts of the document exempted by Federal Rules of Appellate Procedure 32(f). I further certify that the document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365, in 14-point Times New Roman font.

*/s/ Lee Gelernt*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2025, I caused this document to be filed through the ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Lee Gelernt*