No. 25-5243

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

REFUGEE AND IMMIGRANT CENTER
FOR EDUCATION AND LEGAL SERVICES, *et al.*,
*Appellees*,

v.

KRISTI NOEM, *et al.*,
*Appellants*.

On Appeal from the U.S. District Court
for the District of Columbia
No. 1:25-cv-00306 (Moss, J.)

## APPELLANTS' OPPOSITION TO
## MOTION FOR EXPEDITED BRIEFING

BRIAN C. WARD
*Acting Assistant Director*
KATHERINE J. SHINNERS
*Senior Litigation Counsel*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, DC 20044

BRETT A. SHUMATE
*Assistant Attorney General*
YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*
DREW C. ENSIGN
*Deputy Assistant Attorney General*
BENJAMIN HAYES
*Special Counsel to the Assistant Attorney General*
U.S. Department of Justice,
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-2000

## INTRODUCTION

The Government filed a motion for a stay pending appeal of the district court's injunction on July 7, and this Court entered an administrative stay on July 11, except as to named Plaintiffs. Now, two full weeks later—but before this Court has ruled on the Government's stay motion—*Plaintiffs* ask the Court to expedite *the Government's* appeal, and to make the Government's opening brief due in less than two weeks.

This Court should deny that motion. It would be both inefficient and prejudicial to the Government to be forced to prepare its opening brief on the rapid schedule Plaintiffs propose without the benefit of this Court's ruling on the Government's stay motion. By contrast, Plaintiffs identify no harm to them if their motion for expedited briefing is not granted—especially because the injunction was not even administratively stayed as to the named Plaintiffs. Moreover, their insistence that time is of the essence and this appeal must now move forward at breakneck speed rings hollow given their own two-week delay in requesting expedited briefing.

Instead, this Court should proceed to resolve the Government's stay motion. If the Court grants that motion, the Government would consent to expedited briefing for the merits. If the Court denies a stay pending appeal, then the Government expects to seek Supreme Court review, and merits briefing should follow as appropriate after any order from the Supreme Court. In all events, Plaintiffs' motion at this juncture should be denied.

1

## BACKGROUND

The President issued Proclamation 10888 to redress the crisis of illegal immigration at the southern border. *See* Appellants' Emergency Mot. for a Stay Pending Appeal at 3-5. Invoking the President's authority under Article II of the Constitution and 8 U.S.C. § 1182(f), the Proclamation suspended the entry into the United States of aliens participating in the invasion, ordered that those who enter in violation of that bar are restricted from accessing provisions of the Immigration and Nationality Act (INA) that would permit their continued presence in the United States, including asylum or withholding of removal, and directed that those who violate the entry bar be expelled from the United States. *Id.* at 5-6.

On July 2, 2025, the district court granted Plaintiffs' motion for summary judgment and for class certification in part. *See* Doc. 71. The district court certified a sweeping class of "all individuals who are or will be subject to the Proclamation and/or its implementation and who are now or will be present in the United States," *id.* at 104; declared the Proclamation unlawful "insofar as it purports to suspend or restrict access to asylum, withholding of removal" or "implement[s] extra-statutory or extra-regulatory removal or repatriation procedures"; vacated the agency guidance implementing the Proclamation; and enjoined the Government from removing Plaintiffs or class members "using non-statutory repatriation or removal proceedings" and "without complying with the asylum statute." Doc. 73 at 1-3.

The district court directed that its order take effect immediately as to the named Plaintiffs, but delayed the effective date of its order as to absent class members until July 16, 2025, "to allow Defendants the opportunity to seek a stay in the court of appeals and to implement the Court's decision in an orderly fashion." Doc. 73 at 3.

On July 7, the Government filed an emergency motion for a stay pending appeal of the district court's order. This Court entered an administrative stay of that order on July 11, "except as to the named individual plaintiffs." Order at 1, No. 25-5243 (D.C. Cir. July 11, 2025). Briefing on the emergency motion has since concluded.

At the end of the day on Friday, July 25—a full two weeks after this Court entered its administrative stay—Plaintiffs moved for expedition of the Government's appeal and proposed that the Government's opening brief be due on August 11.

## ARGUMENT

The Court should deny Plaintiffs' motion. The request for rapid merits briefing is both premature given the Government's pending stay motion, and rings hollow in light of Plaintiffs' own delay in filing their motion.

*First*, Plaintiffs' request for entry of an expedited schedule for merits briefing is premature given the Government's pending motion for a stay. This Court's resolution of the Government's stay motion is likely to play a prominent role in any merits briefing before this Court, including in the Government's opening brief that Plaintiffs insist be filed in (now) less than two weeks. Requiring the Government to draft its opening brief at a rapid pace without the benefit of the Court's stay decision would be both highly

3

inefficient and prejudicial. There is no reason for this Court to jump ahead of itself and accelerate merits briefing when the preliminary issue of the Government's stay motion has yet to be resolved. Although Plaintiffs say "[t]his Court often grants expedited briefing in such cases," Mot. 3, *none* of the cases they cite entered an expedited briefing schedule prior to resolving a previously filed motion for a stay pending appeal. Rather, this Court's general practice is to issue a briefing schedule only after (or concurrently with) resolution of any stay motion or other threshold motion practice.

Notably, Plaintiffs do not suggest that expedited briefing is necessary to prevent any harm to them. Although this Court administratively stayed the district court's injunction in part, it did *not* stay it "as to the named individual plaintiffs." Order at 1, No. 25-5243 (D.C. Cir. July 11, 2025). As to them, the injunction went into effect on July 16 and already prohibits their removal under the authority of the Proclamation without being afforded access to asylum and withholding of removal. Doc. 73 at 1-3.

*Second*, Plaintiffs' insistence that expedited briefing is necessary rings hollow in light of their delay in requesting that relief. This Court entered its administrative stay on July 11, but Plaintiffs delayed for two weeks before requesting expedition. The case is no more "time-sensitive" and "of exceptional public importance" now than it was two weeks ago. Mot. 4. Yet Plaintiffs do not attempt to explain the sudden urgency. Ultimately, it is Plaintiffs, not the Government, engaged in "gamesmanship," *id.*—they took two weeks to file their five-page motion, but now insist the Government should be forced to prepare its opening merits brief in the same amount of time.

4

To be sure, the Government appreciates that, if this Court grants a stay pending appeal, it may be appropriate to expedite merits briefing at that juncture. But that ruling has not yet occurred. And if the Court ultimately denies a stay pending appeal, the next phase of this litigation is likely to be in the Supreme Court, which would make expedited merits briefing even more inefficient. This Court should therefore resolve the pending stay motion before making any further rulings about next steps.

## CONCLUSION

The Court should deny the motion for expedited briefing.

Respectfully submitted,

BRIAN C. WARD
*Acting Assistant Director*
KATHERINE J. SHINNERS
*Senior Litigation Counsel*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, DC 20044
(202) 598-7537

BRETT A. SHUMATE
*Assistant Attorney General*
YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*
/s/ *Drew C. Ensign*
DREW C. ENSIGN
*Deputy Assistant Attorney General*
BENJAMIN HAYES
*Senior Counsel to the Assistant Attorney General*
U.S. Department of Justice, Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
*Drew.C.Ensign@usdoj.gov*
(202) 514-2000

Dated: July 29, 2025

5

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion contains 1,135 words. The motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared using Microsoft Word 365 in proportionally spaced 14-point Garamond type.

/s/*Drew C. Ensign*
Drew C. Ensign

Dated: July 29, 2025                    Attorney for Appellants

## CERTIFICATE OF SERVICE

    I hereby certify that on July 29, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Drew C. Ensign*
Drew C. Ensign

Dated: July 29, 2025                      Attorney for Appellants