NOT YET SCHEDULED FOR ORAL ARGUMENT

No. 25-5243

_____

# United States Court of Appeals
## for the
## District of Columbia Circuit

_____

REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES, et al.,

*Plaintiffs-Appellees*

v.

KRISTI NOEM, et al.,

*Defendants-Appellants*

_____

From the United States District Court for the District of Columbia
Case No. 1:25-cv-00306-RDM (Hon. Randolph D. Moss)

_____

**APPELLEES' REPLY IN SUPPORT OF
MOTION FOR EXPEDITED BRIEFING**

_____

## **ARGUMENT**

Absent from the government's opposition is any dispute on the core premise of Plaintiffs' motion: that the question of the Proclamation's lawfulness cries out for expedited resolution. To the contrary, the government represents that it "would consent to expedited briefing for the merits" if this Court grants its motion for a stay pending appeal. Appellants' Opposition to Motion for Expedited Briefing ("Opp.") at 1. The government's quibble is thus not with the substance of Plaintiffs' request, but only with its timing. According to the government, Plaintiffs have filed their motion both too early and too late. *See id.* But neither argument withstands scrutiny.

At the outset, the government contends that setting a briefing schedule before this Court issues its decision on the pending stay motion would be "both highly inefficient and prejudicial" because this Court's decision "is likely to play a prominent role in any merits briefing." *Id.* at 3-4. But just as district court proceedings usually continue apace during the pendency of appeals of preliminary injunctions, there is nothing inefficient or prejudicial here about merits briefing proceeding pending this Court's resolution of what the government acknowledges is a separate, "preliminary issue," *id.* at 4—whether the government meets the requirements for a stay pending appeal.[1] Nor has the government identified any

---

[1] For the same reason, the government's assertions that "[i]f the Court denies a stay pending appeal, then the Government expects to seek Supreme Court review,"

1

cognizable prejudice. When it filed its emergency stay motion on July 7, 2025, it requested a ruling by July 11, and indicated that it was prepared to file a brief in the Supreme Court on July 14 if need be. *See* Appellant's Emergency Motion for a Stay Pending Appeal at 1. The government cannot now seriously claim that it is unable to produce a merits brief in two weeks, on issues the parties have litigated at length and where the government appealed and sought extraordinary relief. And even *if* the government's concerns were well taken, they would not warrant putting off merits briefing indefinitely on what both parties agree is a time-sensitive issue of paramount importance. This Court knows when it is likely to issue its stay decision, and it has authority to set an expedited briefing schedule that promotes efficient resolution of this case while minimizing any perceived inefficiency or prejudice.

Equally insubstantial are the government's complaints about the timing of Plaintiffs' motion. While the government observes that this Court's administrative stay does not apply to the named Plaintiffs, Opp. 4, it neglects the many thousands of noncitizen class members who, so long as the administrative stay remains in place, are subject to the irreparable harm of summary expulsion from the United States

---

Opp. 1; *see also id.* at 5, do not counsel in favor of declining to set an expedited briefing schedule where both parties otherwise agree that doing so is warranted. And to the extent the government suggests that, if this Court denies a stay but the Supreme Court grants one, it might then *oppose* expedited briefing to draw out the case with a stay in place, *see id.* at 1 (stating that "merits briefing should follow *as appropriate* after any order from the Supreme Court" (emphasis added)), this Court should reject that two-faced argument.

2

under the purported authority of the Proclamation. Plaintiffs' decision to file their motion when they did thus does not represent "gamesmanship," *id.*, but rather a recognition of the obvious fact that, with each passing day, delaying merits briefing compounds the harms suffered by members of the class the district court certified.

## CONCLUSION

For the foregoing reasons, and for those stated in their motion, Plaintiffs respectfully request that the Court grant their Motion for Expedited Briefing.

Dated: July 30, 2025

Respectfully submitted:

/s/ *Lee Gelernt*
Lee Gelernt
  *Counsel of Record*
Omar C. Jadwat
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2660
lgelernt@aclu.org
ojadwat@aclu.org

Keren Zwick
Mary Georgevich
NATIONAL IMMIGRANT JUSTICE CENTER
111 W. Jackson Blvd.,
 Suite 800
Chicago, IL 60604
T: 312-660-1370
kzwick@immigrantjustice.org
mgeorgevich@immigrantjustice.org

Melissa Crow
CENTER FOR GENDER & REFUGEE STUDIES
1121 14th Street, NW, Suite 200
Washington, D.C. 20005
T: 202-355-4471
crowmelissa@uclawsf.edu

Morgan Russell
Cody Wofsy
Spencer Amdur
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
425 California Street, Suite 700
San Francisco, CA 94104
T: 415-343-0770
mrussell@aclu.org
cwofsy@aclu.org

Edith Sangueza
CENTER FOR GENDER & REFUGEE STUDIES
200 McAllister Street

3

San Francisco, CA 94102
T: 415-581-8839
sanguezaedith@uclawsf.edu

Robert Pauw
CENTER FOR GENDER & REFUGEE STUDIES
c/o Gibbs Houston Pauw
1000 Second Avenue, Suite 1600
Seattle, WA 98104
T: 206-682-1080
rpauw@ghp-law.net

Daniel Hatoum
TEXAS CIVIL RIGHTS PROJECT
P.O. Box 219
Alamo, Texas 78516
T: 512-474-5073, ext. 208
daniel@texascivilrightsproject.org

Richard Caldarone
REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES (RAICES)
P.O. Box 786100
San Antonio, TX 78278
T: (210) 960-3206
richard.caldarone@raicestexas.org

samdur@aclu.org

Arthur B. Spitzer
Scott Michelman
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
T: 202-457-0800
aspitzer@acludc.org
smichelman@acludc.org

Ashley Alcantara Harris
David A. Donatti
ACLU FOUNDATION OF TEXAS
P.O. Box 8306
Houston, TX 77288
T: (713) 942-8146
aharris@aclutx.org
ddonatti@aclutx.org

*Attorneys for Plaintiffs-Appellees*

4

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d)(2)(A), I hereby certify that the preceding motion complies with the type-volume limitation of the Rules, containing 621 words, excluding the parts of the document exempted by Federal Rules of Appellate Procedure 32(f). I further certify that the document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365, in 14-point Times New Roman font.

*/s/ Lee Gelernt*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2025, I caused this document to be filed through the ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Lee Gelernt*